HOUSTON, Justice.
This is the second appeal of this case.
G.B. “Boots” Smith Corporation (hereinafter referred to as “Smith”) is a Delaware corporation domiciled in the State of Mississippi. Sanwa Business Credit Corporation (hereinafter referred to as “Sanwa”) is a Delaware corporation domiciled in the State of Illinois.
In the first appeal (Sanwa Business Credit Corp. v. G.B. “Boots”Smith Corp., 548 So.2d 1336, 1341 (Ala.1989)), the Court reversed the judgment that was entered on the jury’s verdict in favor of Smith, holding:
“... Smith, as a nonqualified foreign corporation, should not be allowed to pro *1029 ceed in the Alabama court system under any theory sounding in contract.”
The Court issued a certificate of judgment that “reversed and annulled” the judgment below and remanded the cause for further proceedings. Smith's application for rehearing was overruled, without opinion.
On remand, Sanwa moved for entry of a final judgment in its favor “in conformity with the Alabama Supreme Court opinion issued in this cause.” The following day, Smith filed a motion for voluntary dismissal without prejudice, pursuant to Rule 41(a)(2), A.R.Civ.P., which was opposed by Sanwa. The trial court did not rule on this motion. Subsequently, the trial court entered a final judgment in favor of Sanwa against Smith on all claims:
“FINAL JUDGMENT
“The motion of [Sanwa] for the entry of a final judgment having been considered by this court, and it appearing that the judgment of this court entered following the jury’s verdict having been reversed by the Alabama Supreme Court and remanded to the Circuit Court of Escambia County for the entry of a consistent order, and it further appearing that [Sanwa] is entitled to the requested relief and that its motion is due to be granted, it is, therefore,
“ORDERED, ADJUDGED and DECREED as follows:
“1. That judgment be and the same is hereby entered in favor of [Sanwa] and against [Smith] on all claims for relief set forth in Count One, Count Two and Count Three of [Smith’s] complaint as most recently amended.
“2. That all costs in this proceeding be and the same are hereby taxed to [Smith].”
Thereafter, the trial court amended its final order to add the following language:
“The Court amends its ... final judgment dated September 13, 1989, to add the following:
“3. The Court’s entry of judgment is based solely upon the Supreme Court’s ruling that plaintiff ‘should not be allowed to proceed in the Alabama court system to recover under any theory sounding in contract’ because it was not qualified to do business here at the time of the work made the basis of this suit.
“4. This judgment does not adjudicate the rights of [Smith] to pursue its contractual claims outside the Alabama court system.”
Sanwa appeals from paragraph four of this amended order. It contends that the trial court erred in adjudicating an issue not raised in the proceedings — i.e., in ruling that Smith is not prohibited from bringing its action in a court outside the State of Alabama. Sanwa argues that the trial court, by the insertion of paragraph four, has stated that this judgment will not be res judicata in any future action outside the Alabama court system. Sanwa further argues that the amended order informs courts in Mississippi that courts in Alabama have already' determined that Smith may bring an action in Mississippi based upon the same cause of action tried in Alabama.
We recognize the well-settled law in Alabama that after an appellate court has reversed and remanded to the trial court and has directed entry of a judgment “ ‘ “it is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning” ’ ” and to enter and implement the appropriate judgment. See Auer-bach v. Parker, 558 So.2d 900 (Ala.1989). With this established principle of law guiding us, we have reviewed this Court’s earlier opinion remanding this cause to the trial court and the subsequent amended order of the trial court “based solely upon the Supreme Court’s ruling that [Smith] ‘should not be allowed to proceed in the Alabama court system to recover under any theory sounding in contract’ because it was not qualified.” From that review, we hold that paragraph four does not go beyond the scope and breadth of this Court’s opinion in the earlier appeal. Rather, we hold that the trial court merely clarified and specified that this Court’s judgment in the first appeal adjudicated only the issue whether Smith had any right to pursue its contrac *1030 tual claim in Alabama courts — clearly the issue before the trial court in that prior proceeding. That paragraph of the amended order has no other legal effect whatsoever.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.